WILMA E. FERRELL v. METROPOLITAN LIFE INSURANCE COMPANY.

(Filed 19 September, 1934.)

**Trial D b: Insurance P d—Evidence on issue of payment of premium held conflicting, and directed verdict in insurer's favor was error.**

> Where the right of plaintiff to recover upon a policy of life insurance in which she is named beneficiary is made to depend solely upon whether a premium thereon had been paid, and plaintiff introduces insurer's receipt therefor, but insurer introduces evidence that the insured's check given in payment was worthless and was returned to insured upon his written acknowledgment that the receipt had been lost, and plaintiff testifies that the purported signature of insured to the acknowledgment was not genuine: *Held*, the evidence as to payment was conflicting and raised an issue for the jury, and the direction of a verdict in insurer's favor was error.

APPEAL by plaintiff from *Devin, J.,* at May Term, 1934, of CURRITUCK.

Civil action to recover on a $2,000 policy of life insurance.

Upon the hearing the issuance of the policy in suit upon the life of plaintiff's husband, she being named as beneficiary therein, the payment of the first semiannual premium on 26 April, 1932, and the death of the insured on 5 February, 1933, were all admitted. Thereupon, the plaintiff offered in evidence an official receipt for the semiannual premium due 26 October, 1932, found by her after her husband's death, and rested. The genuineness of the signature on this receipt was not questioned.

In answer, the defendant offered evidence tending to show that the semiannual receipt of 26 October, 1932, was issued upon tender of a check which proved to be worthless; that said check was returned to the assured 18 January, 1933, upon written acknowledgment by him that the official semiannual receipt of 26 October, 1932, had been lost.

In rebuttal, the plaintiff testified that the purported signature of her husband to said acknowledgment was not genuine.

The court directed a verdict for the defendant, and from the judgment entered thereon the plaintiff appeals, assigning errors.

*C. R. Morris and John H. Hall for plaintiff.*
*Worth & Horner for defendant.*

STACY, C. J. The plaintiff made out a prima facie case. The defendant offered evidence tending to show that the policy in suit lapsed

for nonpayment of semiannual premium due 26 October, 1932. The credibility of defendant's defense was challenged by plaintiff's denial of assured's signature to the written acknowledgment. This made it a case for the jury.

There was error in directing the verdict.

New trial.